IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GILBERTO CANALES, JR. and
JOSHUA TRIPP,

       Plaintiffs,

v.                                   No. 1:17-cv-01148-JDB-cgc

PAUL THOMAS, Sheriff of Gibson County,
Tennessee,

       Defendant.

## ORDER SEVERING PLAINTIFF TRIPP

On August 4, 2017, a *pro se* civil complaint was filed pursuant to 42 U.S.C. § 1983 by

Gilberto Canales, Jr., Tennessee Department of Correction ("TDOC") prisoner number 535224,

and Joshua Tripp, who at that time were confined at the Gibson County Correctional Complex in

Trenton, Tennessee. (Docket Entry ("D.E.") 1.) The complaint was signed by both Plaintiffs. The

filing fee was not paid, but only one Plaintiff, Canales, submitted a motion to proceed *in forma

pauperis* ("IFP"). (*See* D.E. 2.)

As it is not practicable for the Plaintiffs to litigate their claims in a single action, the Court

hereby SEVERS this matter into two separate lawsuits. The Clerk of Court is DIRECTED to open

a new civil action for Plaintiff Tripp, docket a copy of the complaint and this order in the new

cause, and assign the new matter to the undersigned. The instant case will proceed with Canales

as the sole Plaintiff.

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b) (the "PLRA"), a prisoner

bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the

obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an IFP affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

The TDOC Felony Offender Information website reflects that Tripp is currently incarcerated at Morgan County Correctional Complex in Wartburg, Tennessee ("MCCX"). *See* https://apps.tn.gov/foil-app/search.jsp. Therefore, when opening his new case, the Clerk of Court is DIRECTED to ensure the docket indicates his current location as MCCX, Post Office Box 2000, Wartburg, Tennessee 37887.

As Tripp has failed to either pay the civil filing fee or submit a motion to proceed IFP and a copy of his inmate trust account statement, he is ORDERED to submit, within thirty days of the entry of this order, either the entire $400 civil filing fee or a properly completed and executed application to proceed IFP and a certified copy of his inmate trust account statement for the last six months. The Clerk of Court is DIRECTED to mail Tripp a copy of the prisoner IFP affidavit form along with this order. If he needs additional time to submit the necessary documents, he may, within thirty days of the entry hereof, file a motion for an extension of time.

If Tripp timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed IFP and assess only a $350 filing fee in accordance

with the installment procedures of 28 U.S.C. § 1915(b).  However, in the event he fails to comply with this order in a timely manner, the Court will deny leave to proceed IFP, assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss his action without further notice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Should Tripp be transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address.  Failure to abide by this requirement may likewise result in the dismissal of his case without further notice for failure to prosecute.

IT IS SO ORDERED this 19th day of November 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE