IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA TRIPP, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01230-JDB-cgc |
| | ) | |
| PAUL THOMAS, | ) | |
| | ) | |
|     Defendant. | ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On August 4, 2017, Joshua Tripp and Gilberto Canales, Jr., proceeding pro se, brought an action against Paul Thomas, Sheriff of Gibson County, Tennessee (the "County"). (Case No. 1:17-cv-01148-JDB-cgc, Docket Entry ("D.E.") 1.) When the complaint was filed, Tripp and Canales were incarcerated at the Gibson County Correctional Complex ("GCCC") in Trenton, Tennessee.[1] In an order entered November 19, 2018, the Court severed the inmates' claims and directed the Clerk to open a separate case for Tripp. (*Id.*, D.E. 8-9.) The instant case, with Tripp as the only Plaintiff, was opened pursuant to the Court's order. On January 16, 2019, the Court granted Plaintiff leave to proceed in this matter *in forma pauperis* ("IFP") and assessed the civil filing fee

---

[1] At some point, Tripp was transferred to the Morgan County Correctional Complex in Wartburg, Tennessee, where he remains imprisoned.

pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b) (the "PLRA"). (D.E. 7.) This matter is now before the Court for screening.[2]

Tripp, a sex offender, alleges that, on January 19, 2017, while incarcerated at GCCC, he was barred from working a prison job because of his sex offender status. He seeks a policy change permitting such offenders to earn good time credit, as well as damages "for time lost, that, if given a job in a timely manner, would have had the Plaintiff's release day considerably sooner." (D.E. 1 at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*). Conclusory allegations "are not entitled

---

[2]In doing so, the Court will consider only those allegations in the complaint attributable to Tripp.

to the assumption of truth" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3 (some internal quotation marks omitted).

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Such litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and noting that "a court cannot create a claim which a plaintiff has not spelled out in his pleading.").

The Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"Section 1983 does not create any substantive rights; rather, it is a statutory vehicle through which plaintiffs may seek redress for violations of a right secured by the Constitution or federal laws." *Rayfield v. City of Grand Rapids, Mich.*, 768 F. App'x 495, 503 (6th Cir.

2019). To state a claim, a plaintiff must allege two elements: (1) "the defendant acted under color of state law"; and (2) "the defendant's conduct deprived the plaintiff of rights secured under federal law." *King v. United States*, 917 F.3d 409, 432 (6th Cir. 2019), *reh'g en banc denied* (May 29, 2019).

Tripp does not specify whether he seeks to sue Thomas in his official or individual capacity. To the extent he intended the former, his claim is in actuality against the County itself. *See Arsan v. Keller,* ___ F. App'x ___, 2019 WL 3494330, at *5 (6th Cir. Aug. 1, 2019). "To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged violation occurred because of a municipal policy, practice, or custom; a municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Rayfield*, 768 F. App'x at 510 (quoting *Brown v. Chapman*, 814 F.3d 447, 462 (6th Cir. 2016)) (internal quotation marks omitted). "Along with identifying the conduct properly attributable to the municipality, a plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Id.* (citing *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal emphasis & quotation marks omitted).

The inmate alleges he was told by a GCCC staff member that the County had a policy of prohibiting sex offenders from obtaining prison jobs. The question, therefore, is whether the policy in question violates Tripp's constitutional rights.

Although Plaintiff does not identify the basis for his claim, his allegation falls under the umbrella of the Fourteenth Amendment's Equal Protection Clause, which provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the

4

laws." U.S. Const., amend. XIV, § 1. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

Tripp's allegations, however, fail to state an equal protection claim. First, the alleged conduct did not burden a fundamental right, as it is well-established that prisoners have no constitutional right to a prison job. *See Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) ("a prisoner does not have a constitutional right to prison employment or a particular prison job"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no property or liberty interest in prison employment). Secondly, convicted sex offenders are not a suspect class. *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999). Accordingly, in order to assert a successful claim, Tripp must show the policy lacked a rational basis. That is, he must plead sufficient facts for the Court reasonably to infer that the government action either was wholly irrational or motivated by animus or ill-will. *See Iqbal*, 556 U.S. at 677; *Club Italia Soccer*, 470 F.3d at 298.

The inmate does not claim that Thomas was responsible for the policy and, in fact, alleges no action at all on his part. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim to relief that is plausible on its face."

5

*Twombly*, 550 U.S. at 570.  Tripp's complaint also lacks any factual allegations concerning the County's motivation for excluding sex offenders from holding prison jobs

In addition, because Tripp is no longer incarcerated at GCCC, any request for injunctive relief against the facility or its officials is moot.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (complaint for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility).

The complaint therefore fails to state a claim on which relief may be granted and must be dismissed.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where a deficiency cannot be cured.  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  In this case, the Court finds that Tripp should be given an opportunity to amend his complaint.

In sum, Plaintiff's complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend, however, is GRANTED.  Any amendment must be filed within thirty days after entry of this order.

Tripp is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text thereof must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended pleading must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED this 4th day of October 2019.

    s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE