IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSHUA TRIPP,                )
                             )
    Plaintiff,           )
                             )
v..                          )    No. 1:18-cv-01230-JDB-cgc
                             )
PAUL THOMAS,                 )
                             )
    Defendant.           )

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On October 4, 2019, the Court issued an order dismissing Plaintiff, Joshua Tripp's, pro se complaint and granting leave to file an amended pleading. (Docket Entry ("D.E.") 8.) Therein, the Court advised Plaintiff that, if he failed to file an amended complaint within thirty days, the Court would assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment. (*Id.* at PageID 30.)

Tripp has not amended his complaint, and the time within which to do so has expired. Therefore, the Clerk is DIRECTED to enter judgment in accordance with the October 4, 2019, order dismissing the complaint for failure to state a claim. Further, Tripp is assessed his first strike under § 1915(g). This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).[1]

---

[1] A copy of the October 4 order was mailed to the Plaintiff at the institution in which he was imprisoned. On October 24, 2019, the envelope was returned with a notation that

It is CERTIFIED, in accordance with 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b) ("PLRA"). Therefore, the Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

IT IS SO ORDERED this 21st day of November 2019.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE

---

it could not be forwarded. (D.E. 9.) According to the Tennessee Department of Correction's website (https://apps.tn.gov/foil-app/search.jsp), Tripp's sentence ended on February 21, 2019, and he has been released from custody. He has not submitted a change of address or otherwise notified the Court of his release or current location. Plaintiff's failure to keep the Court apprised of his whereabouts is further grounds for dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.